Good afternoon, everyone. First matter is Martinez v. U.S., Ms. Wolitzer. Thank you, Your Honor. May it please the Court, I am Rachel Wolitzer, representing the appellant, the United States. I would like to request three minutes for rebuttal, please. Fine, fine. So I guess the issue is, where does the discretion lie? Does it lie with the bankruptcy court or does it lie with the Internal Revenue Service? Or is there discretion? Or is there discretion? Your Honor, our position is that the IRS has a statutory right, which is conferred in Section 6402 of the Internal Revenue Code and preserved in Section 553 of the Bankruptcy Code to set off a debtor's tax overpayment against any liability of the debtors. So those two statutory provisions preserve the IRS's right to choose which liability of the debtors to set off against the overpayment. The bankruptcy court, however, ordered the IRS to allocate the overpayments to the priority tax liabilities of the debtors, rather than to their unsecured debtors. Could you explain to us which tax debts are priority and which are not priority? Because the priority, of course, survives the bankruptcy, but the non-priority doesn't. Correct, Your Honor. Generally, the priority tax liabilities are the more recent tax liabilities. That was a time thing. Yes. The general rule is tax liabilities for returns filed within three years preceding the bankruptcy petition filing are priority, and older tax liabilities are generally unsecured. In other words, the IRS has three years to collect, and then after that, if a bankruptcy is filed, the liabilities become unsecured. That's just the general rule. Because we looked that up, and we thought that it had to do with what was some interest. If the IRS was seeking interest, that wasn't a priority. Am I wrong on that? Excuse me. There are different rules governing interest. Certain types of interest have different status. But in a situation like this, the tax and the interest would go together and be governed by the age of the liability and the due date for the return. Is there some place we can look that simply describes what are priority and what aren't? Yes. 507A8 of the bankruptcy code. Okay. 507A8? Eight. Okay. Correct. Little A or big A? Little A and little A8. Okay. Thank you very much. For both. Thank you, Your Honor. The bankruptcy court in this case, however, ordered the IRS to allocate the overpayments to the priority tax liabilities rather than to the unsecured general liabilities of the debtors. Because the bankruptcy court did not have the authority to require this allocation, which was inconsistent with the plain language of Internal Revenue Code Section 6402 and Bankruptcy Code Section 553, the bankruptcy court's order was erroneous. Oh, I'm sorry. Go ahead. Doesn't the bankruptcy court have an obligation? The bankruptcy court made a finding, I guess, that it would be difficult for the debtor to emerge with a viable plan if the set-off was against the non-priority. And therefore, I guess the bankruptcy court felt that in its responsibility, it wanted the debtor to survive as a viable entity and that the plan be confirmable. Isn't that within the bankruptcy court's discretion? Well, there are a couple of points about that. First of all, as I said, 6402 gives the IRS the absolute and unconditional discretion to determine which liabilities are set off by an overpayment. And Section 553 preserves this right. So there's simply no room. But doesn't it say that it preserves the right except as is provided in Section 362 and 363? Yes, Your Honor. And the meaning of that is not meaningless. Correct. And that is essentially a timing issue. In other words, the IRS can't just go about setting off under these provisions. The IRS can't just go about setting off overpayments against liabilities without first seeking permission from the court. The permission is under 362. So the automatic stay does apply to the set-offs. And so that's why the IRS can't just do the set-offs on its own. It has to seek a lift stay order from the bankruptcy court. That's Norton, really. No, that's just the plain language of the statute. But isn't that what Norton held, that without seeking they couldn't just set? Isn't that exactly what you're telling us? No, Your Honor. Well, first I'm looking at the plain language of the statutory provisions. So under the plain language, Judge Fischer is correct that 553 is subject to 362, which again, as I said, is a timing issue. So the IRS can't do the set-off until it gets a lift stay order from the court. But that language doesn't say 362 parentheses as to timing. It just says 362. Okay, but the purpose of a lift stay order from getting a lift stay order from the bankruptcy court is to determine simply whether the requirements of Section 553 have been fulfilled. So the proper scope of a lift stay proceeding for a set-off is whether the language, the plain language of 553 has been satisfied, whether the debts are mutual, whether the claims on the debts are pre-petitioned. If those requirements are satisfied, our position is, no, the bankruptcy court does not have the discretion to deny the set-off. Wouldn't the bankruptcy court, under its power in 362, have the right to modify the stay? Isn't that, in effect, what they've done here? Well, no. The modification of the stay is essentially the lifting of the stay to permit the set-off. Well, isn't what they did here was they lifted it in part? Well, they lifted it, but they limited the set-off. And there's simply no statutory authority for the court to have done that. And, indeed, the Supreme Court, in the Strumpf case, which is cited in our brief, addresses the relationship between 362 and 553 and states that whatever right of set-off otherwise exists is preserved in bankruptcy. And the IRS's right of set-off is unconditional. So that unconditional right is preserved in bankruptcy. And there have been other statements by other courts addressing that relationship between 362 and 553. And Collier, the bankruptcy treatise, also states, the automatic stay does not defeat the right of set-off. Rather, the set-off is merely stayed pending an orderly examination of the debtor's and creditor's rights. So in order to understand the relationship, you have to look to the purpose of the automatic stay, which is to freeze the status quo. So modifying or conditioning just refers to either continuing the stay or not continuing or granting partial relief or total relief. Well, there may be other situations where 6402 and 553, as it incorporates 6402, are not implicated. So there may be other situations where a conditional granting of the stay is not inconsistent with another statutory provision. But because a conditional or limited granting of the stay for IRS tax overpayments is inconsistent with 6402, as preserved in 553, that is why a conditional granting of the stay is not appropriate. What about Section 105A? It seems to give the bankruptcy court broad discretion to do what's necessary and appropriate. And as Judge Sloviter pointed out, the stated reason given in this case was to make sure the person could get out of bankruptcy and get a fresh start. Correct, Your Honor. And 105A is a discretionary provision, but more recent Supreme Court cases decided after Norton have expressly limited the exercise of a bankruptcy court's discretion under 105A to the confines and the parameters of the bankruptcy code. And indeed, the Court in Energy Resources stated that if the exercise of discretion under 105A is inconsistent with other provisions of law, then it is not proper. So only where there are gaps or issues that are not explicitly addressed by other statutory provisions is the exercise of discretion under 105A proper. So in this case, because 6402 and 553 explicitly address the situation and the discretion of the IRS to apply the overpayments as they see fit, 105 is not applicable. And the more recent Supreme Court cases do confirm that. And in fact, this Court has recognized the changes in the interpretation of 105A since the more recent Supreme Court cases. In the Peppermint case cited in our brief, this Court stated, the fact that a bankruptcy proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his or her personal views of justice and fairness, however enlightened those views may be. And in the Combustion Engineering case cited in our brief, the general grant of equitable power contained in 105A cannot trump specific provisions of the bankruptcy code and must be exercised within the parameters of the code itself. And my personal favorite, the Bankruptcy Court may not act as a roving commission to do equity under Section 105. So it's clear that 105 is not a broad catch-all that allows the Bankruptcy Court to just do whatever it wants. Is it the general practice of the Department to use set-offs on the non-priority tax claims? Do you sometimes deviate from that? I don't know whether there are exceptions, but the general policy would be to apply an overpayment to a liability that would not have to be paid in Chapter 13 or that would be dischargeable in a Chapter 7 to ensure collection of those liabilities. It just protects the public fiscal and allows for more thorough collection of those unpaid liabilities. Now, the Norton case is a case decided by this court, and the lower courts heavily relied on that case. However, that, excuse me. I think you've reached your red light here. Oh. We'll have you back on rebuttal. Okay. Thank you so much. Mr. Diep? Good afternoon. Good afternoon. May it please the Court. My name is Craig Diehl. I'm from Camp Hill, Pennsylvania, and I represent the debtors in this particular proceeding, Angel and Angelina Martinez. We believe that 105 is applicable in this case on a very limited basis. We do not believe that if the court does not get past the first hurdle and get to Section 6402, there is nothing that will impede or stop the IRS from utilizing that particular section, which we do acknowledge and do consent that it states that they have the right to set off against any liability. We believe, though, in this particular proceeding that the bankruptcy court and the district court have correctly adjudicated the situation based on not only the legal principles but also taking into effect the equitable considerations of this particular case. These are debtors that for the three years at issue made less than $20,000 on their tax returns. The refunds that are forthcoming to these particular debtors are from the earned income tax credit and the child tax credit. Now, if there's ever a case where there is a situation where a taxpayer needs money to survive, not only in a bankruptcy scenario but outside a bankruptcy scenario, surely this is it. Am I wrong? Didn't I read somewhere that the plan has been confirmed? The plan was confirmed through a fourth amended plan that was confirmed after the litigation had ensued. So they have managed to survive with a viable plan, notwithstanding the set-off? Or has the set-off not been made? Well, the plan that was ultimately confirmed set forth a proof of claim back to the IRS I'm sorry, proposed a repayment to the IRS of the amended proof of claim filed by the IRS. Some $7,000, isn't it? No, it was $82,000, Your Honor. $82,000? Correct. But that includes, that's the whole amount. Well, that was the priority tax claim. And then there was also an unsecured tax claim. But aren't we really talking about what happens to some $7,000 and wasn't that the total amount? That is correct. That's the issue in this case. And our position is very clear. These debtors clearly need to have this applied to the priority tax debt for them to have an opportunity to make this bankruptcy work. Is that consistent with the idea that there was a plan confirmed? Yes, Your Honor. The plan that's been confirmed set forth not only a monthly payment, but also the liquidation of an investment property, which has been liquidated. Those proceeds are currently held in my escrow account because of the appeals that have been undertaken in this particular proceeding. So the IRS has, to this date, complied with their payment obligations to the Chapter 13 trustee. They also plan to liquidate inventory in their shop to further fund the plan. I'm sorry. I don't understand the answer. If there was a plan confirmed that did precisely what the IRS is arguing here, i.e., would have set off the debt, the non-priority debt to the IRS, how can you take the position that it was essential to them to have the debt set off against this priority? I mean, if the plan is confirmed, it means the bankruptcy court thinks that they will survive in a viable way, right? That is accurate. You have to understand, which you don't have privy to, some of the background. There were three plans that were proposed. Yeah, you said this was the fourth. The fourth, correct. And what happened was we filed. The debtors initially told me they owed money to the IRS. They estimated an amount. When the proof of claim came in, it was drastically different than what they had estimated. So we amended a plan. Subsequent thereto, there were some returns that were not filed. So the returns got filed. The IRS amended their proof of claim. So ultimately, the IRS came back with a priority tax claim of approximately $92,000. So we are proposing in our fourth, the plan that's been confirmed, to pay back $92,000 minus the $7,000 in some odd sense. That is the issue here in this case, the tax refunds. So we would be obligated, we being the debtors, to pay back approximately $84,000 or $82,000 to the IRS. Because there was a set-off of the $7,000 some dollars against the, because the refund was set off, right? Well, we're asking for it to be set off, and the confirmed plan allows that set-off. It allows the set-off that the IRS wants, right? That is correct. So that goes back to my question. If there was a confirmed plan consistent with what the IRS is asking for, then why should we accept the District and Bankruptcy Court's view that it was, they couldn't viably survive if it didn't set off against the priority rather than against the non-priority? Well, at the time these appeals were taken, Your Honor, the Fourth Amendment plan had not been confirmed. Okay, but now, you know, we face it now. So now, does it, does your argument still hold? Well, I think in an essence, and I hope I'm not misunderstanding your question, is that bottom line is that my debtors, who are low-income people, are going to have to come up with approximately $7,000 more to make this plan work, which has been confirmed with the set-off in place. So the IRS has not objected to the plan that's been confirmed, but that was subsequent to the litigation that was ensuing. Well, why should they object? It did exactly what they wanted it to do. Well, no, they wanted it applied to the unsecured non-priority tax claims, which would be discharged and would not have to be paid back. Oh, you mean the confirmed plan applies it to the priority? The priority tax claim has to be paid in full in a confirmed Chapter 13 plan. The unsecured non-priority tax claims can be paid zero. They could be paid 100% or anywhere in between. It just depends on the facts of that particular bankruptcy. I don't want to ask it again. Okay. So the plan adopted because of the decision by the bankruptcy court and the district court, the plan adopted your position. Correct. And it's your position that the government seeks to overturn. That is correct. Which means another $7,000, $8,000 more if the government wins. And we believe that the bankruptcy court, once it went back on remand, set forth several exact reasons why the court ruled in the favor that it ruled. They're very good reasons. The question is whether the bankruptcy court has authority to do that. Well, again, our position, and obviously that's the crux of this case, is that we believe that in this particular situation, on a very limited basis, on an outside of bankruptcy, we 100% agree with the IRS's position. But unfortunately in bankruptcy, we believe a different set of factors apply. And the main factor that applies is the equitable factor that all bankruptcy courts have. Bankruptcy court is a court of equity. And we believe that they don't get to 6402 and have that particular statute be the controlling statute when they have not, through 553 and 105, gotten through the first hurdle of a two-hurdle race. So if we're staying within the first hurdle, we believe that the bankruptcy court and the district court have clearly ruled in our favor on an accurate basis. If we're going to jump to that second hurdle, I will be the first to admit my debtors may have a problem with our legal argument. Good. We believe that there's plenty of case law, again, that's out there that supports this position. The IRS wants this panel to... Are there any court of appeals case law out there that supports your position? Well, the cases cited, I don't have the exact sites in my briefs, I do, but that were set forth were obviously the Norton case that this court... Well, that's a little different, because in Norton, they went ahead and set it off after the plan had been confirmed and without getting the permission of the bankruptcy court and holding back the automatic stay, right? I mean, Norton is factually different. We agree that it's factually different, but the analysis that went into the adjudication of that particular opinion we believe is helpful in this court in understanding the conceptual analysis that needs to be undertaken to come to the conclusion on the merits of this case. But with the exception of Norton, is there any case in an appellate court out there that accepts your position, that decides this one way or the other? Well, the cases cited, U.S. versus the Energy Resource case, I would have to check my brief as to the circuit that decided that.  I'm sorry. But that case, you know, again, it was a Chapter 11 case, but it's deciding basically the same issue, whether the court has the discretionary ability to allocate a tax refund or allow the trust fund taxes to be paid in front of a non-trust fund tax. So again, we believe it's the same analysis that the court has that discretionary power to do that. It's not mandated, it's permissive. Mr. Diehl, I raised the question to counsel that it seems to me that 362D, which gives the bankruptcy court the right to modify a stay, could very specifically be the statutory foundation in which they opted to provide relief as to the priority claims and opted not to provide relief as to the general claims. We have not, Your Honor, argued that point specifically. The IRS did timely request the court to lift the stay. The stay was lifted. We did not object to that. Our objection, though, was a limited exception, and that being we'll allow that to occur but apply it to the priority tax claims. And we believe that 105 is the statutory authority that allows the bankruptcy court on a limited circumstance to make that particular finding. Again, we believe that the equitable considerations in this case clearly support the decisions that were made at the two lower courts. And again, we would ask for affirmation of those opinions. Thank you very much, Mr. Diehl. Thank you. Ms. Wolitzer. Ms. Wolitzer, when reading this case, I wondered why the IRS got so hot about it. It's only seven-some thousand dollars involved. It's a little bit of money. I mean, not a little bit of money to the Martinez's, but a little bit of money in the context of the amount that's owed and the bankruptcy cases that we usually see. What is there about why didn't the IRS agree to apply the set-off against the priority debt taxes? Thank you, Your Honor. Because of the administrative importance of the issue, this issue comes up any time an individual debtor has a refund, which is frequent. And because of the pervasiveness of the issue and the number of times it comes up, the issue is a legal issue that is of administrative importance to the IRS. Did Congress clarify that by their amendments in 2005? Yes, Your Honor. So at least since 2005, you don't have that administrative headache. Thank you, Your Honor. The 2005 amendments only apply to income tax overpayments, so if there are any other kind of refunds for any other kind of tax. And both the overpayment and the liability have to both be income tax. So income tax overpayments are more frequent than other kind of liability. You mean they don't give back any of it? Well, people generally don't overpay their withholding or other employment taxes or excise taxes or whatever. This is going to come up now with all the new tax things that have happened, right? I think there will be many more people filing in 2009 for 2008, who will be asking for refunds. Correct. There are always a large number of taxpayers asking for refunds. Perhaps under the economic situation, there will be more debtors in Chapter 13. And again, the 2005 amendments have limited application, and they don't apply to this case because of the effective date of the amendment as it related to the petition date in this case. I would also like to point out that although the overpayment in this case is small and perhaps the annual income of the debtors is small, the liabilities are quite large, almost $100,000 even under the amended claim. What about the energy resources case? Okay. The energy resources case has been inaccurately relied upon by the debtors in the lower courts because it did not involve a set-off. So 6402 and 553 were not implicated in that case. In energy resources, the court held that plan payments could be allocated by the bankruptcy court. So again, 6402 was not implicated in that case. Also in energy resources, the plan provided for full payments of all of the liabilities, not just the priority liabilities like in this case. Another important thing to consider is that even if the court does have equitable discretion, bad faith or tortious conduct is required by the IRS or the creditor. You don't look at the debtor's circumstances, you look at the conduct of the creditor. So in conclusion, we would request that the order requiring the allocation to the priority tax liabilities be reversed. You're telling us this is a test case and the IRS wants us to establish the principle so that it can use it in a lot of other cases. Well, it's important. That's what I understood you to say. It's important in this case. Regardless of the amount of the overpayments in this case, for every small case, there could be larger cases, yes, Your Honor. The issue is of administrative importance and it needs to be decided. Thank you. Thank you very much. We thank both counsel for a very helpful argument. Take the matter under advisement.